1  THE COCHRAN FIRM CALIFORNIA
   JAMES A. BRYANT II (State Bar No. 255652)
2  4929 Wilshire Blvd Suite 1040
   Los Angeles, CA 9001
3  Telephone:  310-860-6231
   Facsimile:   310-802-3829
4  Email:        jbryant@cochranfirm.com

5  Attorney for Angelina Triplett-Hill

6                UNITED STATES DISTRICT COURT

7                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA TRIPLETT-HILL,<br><br>             Plaintiff,<br><br>        v.<br><br>MICAH WILLIAMS p/k/a KATT WILLIAMS; and DOES 1-5,<br><br>             Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1)  BATTERY**<br><br>**(2) ASSAULT**<br><br>**(2)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**(3) NEGLIGENCE**<br><br>**(4) CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

# PARTIES

1.  Plaintiff ANGELINA TRIPLETT-HILL ("Triplett" or "Plaintiff") is an individual and a resident residing in the County of Shelby, State of Tennessee.

2.  At all times relevant herein, Defendant MICAH WILLIAM p/k/a "KATT WILLIAMS" ("Williams" or "Defendant") is an actor and stand-up comedian, whose state of residency is unknown, however, does substantial business in the County of Los Angeles, State of California.

3.  Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiff is informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

4.  Plaintiff is informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

///

///

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant Micah Williams under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long arm statute, C.C.P. §410, because Defendant has continuous and systematic contacts with California and does substantial business in California, and because Defendant purposefully availed himself of the laws and courts of California by participating in the conduct set forth in this Complaint.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). The amount of controversy exceeds $75,000.

7. Venue is proper in the district under 28 U.S.C. § 1391(b)(2) because all of the events giving rise to the claims asserted herein occurred in this District. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendants are subject to personal jurisdiction in this District and therefore "reside" in this District as that term is defined in 28 U.S.C. § 1391(c).

## FACTS COMMON TO ALL COUNTS

8. In or around 2003, Plaintiff met Defendant Williams while she was touring with the music group The Isley Brothers, whom she served as a personal assistant for.

9. After becoming acquainted with Defendant Williams, Plaintiff periodically provided personal assistant services for him whenever he had a booked a job in the same city that Plaintiff was located. In addition, Plaintiff and Defendant Williams had also formed a personal platonic relationship.

10. In or around September 2014, Defendant Williams contacted Plaintiff and requested her assistance during an upcoming film that Defendant Williams would be filming in California.

11. On or around September 6, 2014, Triplett arrived in Los Angeles, California to serve as Defendant Williams' personal assistant and his management liaison

1  while William's was filming a picture being shot in the Los Angeles area.

2      12. On or around September 12, 2014, at approximately between 6pm and 7pm
3  in the evening, Triplett, Williams and a number of other members of Williams'
4  entourage arrived at an outdoor movie set at a baseball field located in Los Angeles.

5      13. Upon arriving at the movie set Triplett momentarily walked away from the
6  group to take a call with friend Reggie Kessler ("Kessler").

7      14. Upon finishing her call, Triplett returned to the transportation caravan that
8  they had all arrived in, and suddenly Defendant Williams angrily ordered Triplett
9  back into the vehicle.

10     15. After ordering Triplett back into the vehicle, Williams violently lunged
11 towards Triplett, snatching her cell phone out of her hand and angrily threw her
12 phone inside the vehicle.

13     16. Triplett became extremely frightened and fearful for her wellbeing; as she
14 had previously witnessed Williams violently beat other women in her presence,
15 while gloating about these disgusting acts after committing them.

16     17. After throwing Triplett's cell phone, Williams exclaimed, "Bitch get out of
17 my truck!"

18     18. In response to Williams demand, Triplett grabbed her cell phone and exited
19 the vehicle. Upon Triplett exiting the vehicle Williams again exclaimed "BITCH!"

20     19. A stunned and fearful Triplett, having seen Williams fly into a violent rage
21 before, responded calmly stating, "I'm not a bitch, Katt you and I know you are
22 bigger than that."

23     20. Triplett's words only angered Defendant Williams more, as she began to
24 threaten her if she kept talking.

25     21. As Triplett repeated that Williams was "bigger than that," after Williams'
26 threat, Williams in a fit of rage violently striking Plaintiff in the face an unknown
27 number of times.

28     22. Upon being struck by Williams, Triplett immediately hit to the ground,

1  slamming her head against the concrete and rendering her unconscious.

2  23. During this entire ordeal Kessler, whom she had been speaking to on the
3  phone, was still on the phone listening to Defendant Williams' statements and
4  attack.

5  24. Shortly thereafter, Plaintiff regained consciousness, as she could hear
6  Kessler screaming for her name through the phone in a panic. As Plaintiff regained
7  consciousness she was in severe pain, and completely disoriented.

8  25. A member of Defendant Williams' entourage witnessed the incident and saw
9  Plaintiff lying on the ground in severe pain, prompting her to call for the
10  paramedics.

11  26. Shortly thereafter, Plaintiff was rushed to the Santa Monica UCLA hospital
12  for treatment to her injuries she sustained during this attack.

13  27. During the period of September 12, 2014 through September 15, 2015.
14  Plaintiff remained in the hospital for three days as a result of the injuries that she
15  sustained by Williams' attack.

16  28. Shortly after being released from the hospital, Plaintiff immediately quit her
17  position and vehemently refused to ever work for Defendant Williams again, as
18  Williams had created a work environment that had become dangerous and hostile,
19  as Plaintiff was completely afraid for her personal safety and wellbeing.

20  29. Since enduring Defendant Williams's vicious attack, Triplett has continued
21  to suffer from severe emotional distress as a result of Williams' actions.

## FIRST CAUSE OF ACTION

### (Battery)

24  30. Plaintiff re-alleges and incorporates by reference the allegations contained in
25  the preceding paragraphs of this Complaint as though fully set forth in this cause of
26  action.

27  31. On or about September 12, 2014, Defendant Williams, intentionally,
28  willfully, wantonly and maliciously did acts which resulted in offensive contact

with Plaintiff's person, including but not limited to, hitting Plaintiff's person with his fists causing serious bodily injury.

32. Plaintiff did not consent to Defendant's offensive contact.

33. As a direct, legal and proximate result of such acts of Defendant, Plaintiff sustained severe injuries to her person, including being knocked unconscious, all to her damage to be shown according to proof within the jurisdiction of the Court.

34. As a direct legal, legal and proximate result of such acts of Defendant Williams, Plaintiff did, is presently and will in the future, compelled to and did employ the services of hospitals, physicians and surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses. Further, as a result of Defendant Williams' actions, Plaintiff lost other employment opportunities.

35. Plaintiff is informed and believes, and thereon alleges, that she will by reason of her injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in an amount to be shown according to proof.

36. Plaintiff is informed and believes and thereon alleges, that such acts directed towards Plaintiff were malicious, and belligerent, and the acts were done with a conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, such as to constitute fraud, oppression, or malice pursuant to Cal. Civ. Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant.

## SECOND CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

37. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth in this cause of action.

38. Plaintiff is informed and believes, and thereon alleges that such acts of Defendant, were intentional, extreme, and outrageous.

39. Plaintiff is further informed and believes and thereon alleges that such actions were done with the intent to cause Plaintiff serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

40. As a direct, legal and proximate result of such acts of Defendant, Plaintiff suffered emotional distress which has caused Plaintiff to sustain severe, serious, and permanent injuries to her person, all to her damage in an amount to be shown according to proof and within the jurisdiction of the Court.

41. As a direct legal, legal and proximate result of such acts of Defendant Williams, Plaintiff did, is presently and will in the future, compelled to and did employ the services of hospitals, physicians and surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses. Further, as a result of Defendant Williams' actions, Plaintiff lost other employment opportunities.

42. Plaintiff is informed and believes, and thereon alleges, that she will by reason of her injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in an amount to be shown according to proof.

43. Plaintiff is informed and believes and thereon alleges, that such acts directed towards Plaintiff were malicious, and belligerent, and the acts were done with a conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, such as to constitute fraud, oppression, or malice pursuant to Cal. Civ. Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant.

### THIRD CAUSE OF ACTION
### (Negligence)

44. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth in this cause of action.

45. On or about September 19, 2014, Defendant Williams negligently, carelessly, reckless and wantonly caused injury to Plaintiff in that among other things viciously Plaintiff's person with her fists, nails, legs and foreign objects, causing serious bodily injury.

46. Despite the fact that Defendant Williams owed Plaintiff a duty to act reasonable, and refrain from offensive touching of Plaintiff's person, Defendant Williams breached that duty by viciously attacking Plaintiff's person without Plaintiff's consent.

47. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendant, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in an amount to be shown according to proof.

48. As a direct legal, legal and proximate result of such acts of Defendant Williams, Plaintiff did, is presently and will in the future, compelled to and did employ the services of hospitals, physicians and surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses. Further, as a result of Defendant Williams' actions, Plaintiff lost other employment opportunities.

49. Plaintiff is informed and believes, and thereon alleges, that she will by reason of her injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in an amount to be shown according to proof.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination)

50. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth in this cause of action.

51. Plaintiff was employed by Williams as his personal assistant at the time of the incident.

52. Plaintiff was subjected to working conditions that violated public policy, in that Williams physically battered and verbally abused Williams while working for him, which created a fearful, dangerous and hostile work environment.

53. As a result of Defendant Williams' actions, Plaintiff's work conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

54. Plaintiff resigned because of these working conditions.

55. As a direct and proximate result of Defendant Williams' actions identified above, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in an amount to be shown according to proof.

56. Plaintiff is informed and believes, and thereon alleges, that she will by reason of her injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in an amount to be shown according to proof.

57. Plaintiff is informed and believes and thereon alleges, that such acts directed towards Plaintiff were malicious, and belligerent, and the acts were done with a conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, such as to constitute fraud, oppression, or malice pursuant to Cal. Civ. Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

**ON THE FIRST CAUSE OF ACTION**

1. For compensatory damages in amount subject to proof at trial;
2. For sums incurred and that will be incurred for services to hospitals, physicians, surgeons, nurses, and other professional services, ambulance service, x-rays, and other medical supplies and services;
3. For punitive and exemplary damages no less than the amount of $1,000,000;

4. For interest provided by law including but not limited to *Cal. Civ. Code* § 3291;

**SECOND CAUSE OF ACTION**

5. For compensatory damages in amount subject to proof at trial;
6. For sums incurred and that will be incurred for services to hospitals, physicians, surgeons, nurses, and other professional services, ambulance service, x-rays, and other medical supplies and services;
7. For punitive and exemplary damages no less than the amount of $1,000,000;
8. For interest provided by law including but not limited to *Cal. Civ. Code* § 3291;

**THIRD CAUSE OF ACTION**

9. For compensatory damages in amount subject to proof at trial;
10. For sums incurred and that will be incurred for services to hospitals, physicians, surgeons, nurses, and other professional services, ambulance service, x-rays, and other medical supplies and services;
11. For interest provided by law including but not limited to *Cal. Civ. Code* § 3291;

**FOURTH CAUSE OF ACTION**

12. For compensatory damages in amount subject to proof at trial;
13. For sums incurred and that will be incurred for services to hospitals, physicians, surgeons, nurses, and other professional services, ambulance service, x-rays, and other medical supplies and services;
14. For punitive and exemplary damages no less than the amount of $1,000,000;
15. For interest provided by law including but not limited to *Cal. Civ. Code* § 3291;

**ON ALL CAUSES OF ACTION**

16. For costs of suit incurred herein;

17. For attorneys' fees; and

18. For such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

Dated:   August 15, 2016   Respectfully Submitted

THE COCHRAN FIRM - CALIFORNIA

_____
James A. Bryant, Esq.
Attorney for Angelina Triplett-Hill

COMPLAINT