| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06196-CAS-(GJSx) | Date | April 11, 2018 |
| Title | ANGELINA TRIPLETT-HILL v. MICAH WILLIAMS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant s: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Filed March 12, 2018, dkt. 34)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing date of April 16, 2018 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On August 17, 2016, plaintiff Angelina Triplett-Hill filed the instant action against defendants Micah Williams p/k/a Katt Williams (the "defendant") and Does 1–5. Dkt. 1 ("Compl."). In brief, plaintiff alleges that defendant struck her several times and caused severe bodily injuries. Id. Plaintiff asserts claims for battery, emotional distress, negligence, and wrongful termination. Id.

On June 29, 2017, the Court issued an order to show cause why this action should not be dismissed for lack of prosecution by the plaintiff. Dkt. 15. On July 10, 2017, plaintiff filed an affidavit of personal service on defendant. Dkt. 16.

On July 19, 2017 the Court issued a second order to show cause to plaintiff why this action should not be dismissed for lack of prosecution. Dkt. 17. On August 2, 2017, plaintiff applied for entry of default against defendant, claiming that he has been served with the complaint but failed to serve or file a pleading or otherwise respond to the complaint within the time limit required by the Court. Dkt. 18. On August 4, 2017 the Court's Clerk notified the parties that the proof of service to defendant lacked required information. Dkt. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06196-CAS-(GJSx) | Date | April 11, 2018 |
| Title | ANGELINA TRIPLETT-HILL v. MICAH WILLIAMS ET AL. | | |

On September 1, 2017, the Court issued a third order to show cause to plaintiff why this action should not be dismissed for lack of prosecution. Dkt. 20. On September 18, 2017, plaintiff filed a corrected affidavit of personal service on defendant, and on January 28, 2018, plaintiff filed an application for entry of default against defendant. Dkts. 21, 22, 26. On January 31, 2018, default was entered against defendant. Dkt. 28.

On February 12, 2018, defendant's newly-retained legal counsel filed two notices of appearance and a joint stipulation by both parties to set aside the entry of default. Dkts. 29–31. On February 12, 2018, the Court granted the parties' joint stipulation to set aside the entry of default. Dkt. 33.

On March 12, 2018, defendant filed the instant motion to dismiss for lack of subject matter jurisdiction. Dkt. 34 ("MTD"). On March 26, 2018, plaintiff filed her opposition. Dkt. 35. ("Opp'n"). On April 2, 2018, defendant filed a reply. Dkt. 36 ("Reply").

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is an individual residing in Tennessee, and defendant is an actor and stand-up comedian whose state of residency is unknown. Compl. ¶¶ 1–2. Plaintiff alleges that the Court has federal question and supplemental jurisdiction over the instant action, and that the amount in controversy exceeds $75,000. Id. ¶ 6.

Plaintiff served as a personal assistant to the music group "The Isley Brothers" and met defendant while the group was on tour in 2003. Id. ¶ 8. From then on, plaintiff occasionally worked for defendant as a personal assistant when he booked a job in the same city in which plaintiff was located. Id. ¶ 9.

In September 2014, plaintiff alleges that she assisted defendant while defendant was filming for a movie in Los Angeles. Id. ¶¶ 10–11. On the evening of September 12, 2014, plaintiff, defendant, and other members of defendant's entourage were allegedly at an outdoor movie set at a baseball field located in Los Angeles. Id. ¶ 12. Plaintiff stepped away to take a telephone call from a friend. Id. ¶ 13. When she returned to the group, defendant allegedly angrily ordered her to return to the transportation caravan in which they had arrived, "violently lunged" towards plaintiff, snatched her cell phone, and threw the phone inside the vehicle. Id. ¶¶ 14–15. Plaintiff alleges that she became

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06196-CAS-(GJSx) | Date | April 11, 2018 |
| Title | ANGELINA TRIPLETT-HILL v. MICAH WILLIAMS ET AL. | | |

extremely frightened as she had previously witnessed defendant violently beat other women in her presence. Id. ¶¶ 15–17. Plaintiff alleges that defendant insulted her, that her attempts to deescalate the situation remained fruitless, and that defendant violently struck plaintiff in the face an unknown number of times. Id. ¶¶ 18–21. Plaintiff alleges that she fell, hit her head against the concrete ground, and lost consciousness. Id. ¶ 22. Shortly thereafter, she regained consciousness and was driven to the Santa Monica UCLA hospital for treatment of her injuries, where she remained for three days. Id. ¶¶ 23–27. Plaintiff subsequently never again worked for defendant, and alleges that she continues to suffer severe emotional distress as a result of defendant's actions. Id. ¶¶ 28–29.

## III. LEGAL STANDARD

A motion pursuant to Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). Such a motion may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). That is, a party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Facial attacks "confin[e] the inquiry to allegations in the complaint," while factual attacks "permit[] the court to look beyond the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone, 373 F.3d at 1039 (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039 n.2 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-06196-CAS-(GJSx) | Date | April 11, 2018 |
| Title | ANGELINA TRIPLETT-HILL v. MICAH WILLIAMS ET AL. | | |

## IV. DISCUSSION

Defendant contends that the Court lacks federal question jurisdiction over plaintiff's claims and that plaintiff does not allege any basis for supplemental jurisdiction. MTD at 2. In particular, defendant argues that plaintiff does not identify any federal law that would provide a basis for federal question jurisdiction, and asserts that the relief sought is founded exclusively on California state law. Id. at 3.

In opposition, plaintiff argues that the pleadings satisfy the requirements for diversity jurisdiction despite the complaint's "erroneous reference" to subject matter jurisdiction being established pursuant to federal question and supplemental jurisdiction.[1] Opp'n at 2. Plaintiff contends that she sufficiently alleges that she is a citizen of Tennessee and that defendant "is a citizen of an unknown state." Id. at 4. In addition, plaintiff asserts that the complaint also identifies that plaintiff has suffered damages in excess of $1,000,000. Id. Accordingly, plaintiff argues that she has properly demonstrated diversity jurisdiction insofar as the complaint alleges that plaintiff and defendant reside in separate states and that the amount in controversy exceeds $75,000. Id. at 5.

In reply, defendant notes that plaintiff concedes that the Court does not have federal question or supplemental jurisdiction over the instant claims, and argues that plaintiff fails to establish diversity jurisdiction. Reply at 1. Defendant contends that plaintiff did "not even attempt to conduct any investigation or due diligence regarding defendant's citizenship," insofar as she merely alleges that defendant's "state of residency is unknown." Id. at 2. Defendant argues that these allegations do not establish that plaintiff and defendant are citizens of different states for purposes of diversity jurisdiction, and that at best, plaintiff alleges that defendant is "stateless," which itself destroys any attempt to establish diversity jurisdiction. Id. at 2–3 (citing Smith v Alphabet Inc., 2017 WL 2983403, at *4 (S.D. Ala. May 18, 2017); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (11th Cir. 2011)).

With respect to the amount in controversy, defendant argues that plaintiff has the burden to establish this amount, and contends that plaintiff's allegations of $1,000,000 in

---

[1] On August 17, 2016, plaintiff's counsel indicated on the complaint's civil cover sheet that "diversity" was the basis for the Court's jurisdiction. Dkt. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-06196-CAS-(GJSx) | Date | April 11, 2018 |
| Title | ANGELINA TRIPLETT-HILL v. MICAH WILLIAMS ET AL. | | |

punitive damages should be closely scrutinized and are therefore insufficient to confer diversity jurisdiction.

In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000. See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. 10-cv-01893-RGK-DTB, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). Here, plaintiff appears to concede that federal question jurisdiction does not exist, and instead argues that the Court has diversity jurisdiction over the instant action.

With respect to diversity jurisdiction, complete diversity is required, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). For purposes of diversity, a natural person's domicile, which determines her state citizenship for purposes of diversity jurisdiction, is her "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she resides in Tennessee. Compl. ¶ 1. However, diversity jurisdiction requires allegations of *citizenship*, not residency. See Kanter, 265 F.3d 853 at 857 (holding that allegations of residency are insufficient to allege an individual's citizenship). Moreover, plaintiff fails to affirmatively allege defendant's citizenship. See Compl. ¶ 2 (defendant's "state of residency is unknown"); Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"); see also Wright & A. Miller, 5 Federal Practice and Procedure § 1208 (3d ed.) ("It is insufficient to allege that a party is a 'citizen of the United States' without alleging citizenship in a given state because a person can be a citizen of the United States but not be a citizen of any state, in which case diversity jurisdiction does not exist."). Accordingly, the Court concludes that plaintiff fails to sufficiently allege the state citizenship of either party for purposes of diversity jurisdiction.

Insofar as plaintiff alleges that the amount in controversy exceeds $75,000, the Court finds that plaintiff sufficiently pleads the requisite amount in controversy. See Compl. ¶ 6; Wright & A. Miller, 5 Federal Practice and Procedure § 1213 (3d ed.) (noting that allegations that the amount in controversy exceeds $75,000 is sufficient as a pleading matter unless the other allegations of the complaint detract from its credibility). Given that plaintiff alleges she suffered injuries requiring a three-day hospital stay as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-06196-CAS-(GJSx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL v. MICAH WILLIAMS ET AL. | | |

result of defendant's alleged conduct, the Court finds this amount in controversy allegation to be sufficiently credible.

Accordingly, because plaintiff fails to adequately plead the citizenship of both parties, the Court **GRANTS** defendant's motion to dismiss.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss. Plaintiff may file an amended complaint addressing the deficiencies identified herein on or before **May 2, 2018**. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |