UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - MOTION FOR DEFAULT JUDGMENT (Dkt. 86, filed on April 21, 2022)

## I.   INTRODUCTION

The Court finds that Angelina Triplett-Hill's motion to dismiss is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On August 17, 2016, plaintiff Angelina Triplett-Hill filed this action against defendant Micah Williams p/k/a Katt Williams. Dkt. 1 ("Compl."). Plaintiff's initial complaint alleged the following claims for relief: (1) battery; (2) assault; (3) intentional infliction of emotional distress; (4) negligence; and (5) constructive wrongful termination in violation of public policy. Id.

On June 29, 2017, the Court issued an Order to Show Cause ("OSC") as to why this action should not be dismissed for lack of prosecution, and stated that proof of service of the summons and the complaint on defendant Williams would suffice as a satisfactory response to the OSC. Dkt. 15. On July 17, 2017, Triplett-Hill filed proof of service. Dkt. 16. According to the proof of service, on February 17, 2017, plaintiff's process server, Javier Michael Bailey, Sr., entered the backstage area of defendant's stand-up comedy show in Southaven, Mississippi. Id. Bailey served Williams' security personnel with the complaint and a copy of the summons. Id. Bailey stated in his affidavit, submitted under penalty of perjury, that he "hung around the backstage area in order to be assured that [the security personnel] actually worked with [] Defendant Williams." Id. He added that "I attest that the person receiving the papers actually got in the SUV/Limo with Mr. Williams after he came off stage." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

On July 19, 2017, the Court issued an OSC as to why this action should not be dismissed for lack of prosecution, and stated that the OSC would be satisfied if plaintiff moved for entry of default by August 3, 2017. Dkt. 17. On August 2, 2017, plaintiff filed an application for entry of default against Williams for failure to respond to the complaint. Dkt. 18. On August 4, 2017, the clerk issued a notice of deficiency because the proof of service lacked required information, including the address where service was made, and the name of the recipient. Dkt. 19. On September 1, 2017, the Court issued an OSC as to why the case should not be dismissed for lack of prosecution, and stated that the OSC would be satisfied by plaintiff filing a corrected proof of service. Dkt. 20.

On September 18, 2017, plaintiff filed the corrected proof of service and a second application for entry of default against defendant. Dkts. 21, 22. On September 20, 2017, the clerk issued a notice of deficiency regarding the application for entry of default because defendant's time to respond to the complaint had not yet expired. Dkt. 25. On January 28, 2018, plaintiff filed another application for entry of default. Dkt. 26. On January 31, 2018, the clerk entered default against defendant Williams. Dkt. 28.

However, on February 12, 2018, Williams, through his attorneys, appeared in this action, and the parties stipulated to set aside the default. Dkt. 31. In the stipulation, defendant disputed that he was properly served in this matter, and stated that neither he nor his representatives became aware of the lawsuit until February 2, 2018. Id. On February 12, 2018, the Court granted the parties' stipulation. Dkt. 33.

On March 12, 2018, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). Dkt. 34. On April 11, 2018, the Court granted defendant's motion to dismiss, but allowed plaintiff leave to amend to address the deficiencies in her complaint. Dkt. 38. On May 2, 2018, plaintiff filed a first amended complaint ("FAC"), which alleges the same five claims for relief as the initial complaint. Dkt. 39. On May 16, 2018, defendant submitted his answer to the FAC. Dkt. 40.

On March 29, 2019, defendant's attorneys filed a motion to withdraw from their representation of defendant on the ground that defendant Williams had failed to respond to them, which made it unreasonably difficult to carry out effective representation. Dkt. 58. On April 9, 2019, the Court granted the motion to withdraw, and stated that defendant "is hereby placed in pro per." Dkt. 56. On April 11, 2019, defendant's former

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

counsel filed proof that the April 9, 2019 order on the motion to withdraw was served on defendant Williams. Dkt. 57.

On June 3, 2019, neither defendant nor anyone representing him appeared at a Court-ordered status conference. Dkt. 58. The Court issued an OSC ordering defendant Williams to show cause in writing, not later than June 17, 2019, as to why his answer should not be stricken and why he should not be placed into default for his failure to appear at a Court-ordered hearing. Id. On July 5, 2019, having not received a response to defendant, the Court struck defendant's answer and ordered the entry of default against defendant Williams for failure to appear at a Court-ordered hearing, failure to comply with the Local Rules, and failure to comply with Court orders. Dkt. 59. On July 5, 2019, the clerk entered the default against defendant. Dkt. 60.

On August 2, 2019, plaintiff requested the Court set aside the default so that plaintiff could submit a second amended complaint ("SAC") specifying the compensatory damages associated with plaintiff's causes of action. Dkt. 61. Plaintiff attached a proposed copy of the SAC to her request. See Dkt. 61, Ex. A (SAC). On August 6, 2019, the Court granted plaintiff's request to set aside the default and file a SAC. Dkt 62.

On February 19, 2020, plaintiff filed the SAC. Dkt. 65. On February 19, 2020, plaintiff also filed proof of service of the SAC on defendant Williams. Dkt. 66. However, the proof of service was dated December 16, 2019, i.e., before the SAC was filed on February 19, 2020. Id. On May 1, 2020, plaintiff applied for the entry of default against defendant Williams. Dkt. 69. However, the Court found that the application for entry of default was not ripe because plaintiff had not submitted a proof of service indicating that the SAC was served on defendant Williams after it was filed on February 19, 2020. Dkt. 71. Accordingly, the Court directed plaintiff to serve the filed copy of the SAC on defendant Williams. Id. On May 27, 2020, plaintiff filed proof of service of the filed version of the SAC on defendant Williams. Dkt. 72.

On July 28, 2020, plaintiff again filed an application for entry of default against defendant Williams. Dkt. 75. Default was entered on July 29, 2020. Dkt. 77.

On September 30, 2021, the Court issued an OSC as to why this action should not be dismissed for a lack of prosecution against defendant Williams. Dkt. 78. The Court stated that plaintiff's filing of a motion for default judgment by November 4, 2021, would serve as a satisfactory response to the OSC. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

On November 4, 2021, plaintiff's counsel submitted a declaration stating that the motion for default judgment would be filed within 48 hours. Dkt. 79.

On November 9, 2021, plaintiff filed a motion for default judgment. Dkt. 80.

The Court held a hearing on December 13, 2021. Neither defendant Williams nor counsel representing him appeared at the hearing.

On March 10, 2022, the Court denied plaintiff's motion for default judgment without prejudice due to plaintiff's failure to provide Williams with notice of the motion for default judgment. Dkt. 85. Plaintiff was directed to file a renewed motion for default judgment and serve Williams with notice of the renewed motion by April 21, 2022. Id.

Plaintiff filed the instant motion for default judgment on April 21, 2022. With her motion, plaintiff filed the declaration of plaintiff Angelina Triplett-Hill (Dkt. 87 ("Triplett-Hill Decl.")), and the declaration of plaintiff's counsel James A. Bryant (Dkt. 88 ("Bryant Decl.")). Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff Angelina Triplett-Hill is a resident of Tennessee, and defendant Micah Williams, p/k/a Katt Williams, is a resident of Georgia. SAC ¶¶ 1-2. Triplett-Hill met Williams in 2003, while she was working as a personal assistant for the musical group The Isley Brothers. Id. ¶ 8. From 2003 to 2014, Triplett-Hill periodically worked as a personal assistant for Williams, who is an actor and stand-up comedian. Id. ¶¶ 2, 9. Plaintiff and defendant Williams also formed a personal platonic relationship. Id. ¶ 9. In September 2014, Williams hired Triplett-Hill to provide personal assistant and management liaison services while he was working on a film in California. Id. ¶¶ 10-11.

On September 12, 2014, Williams attacked Triplet-Hill. Id. ¶¶ 15-21. Williams, Triplett-Hill, and Williams' entourage were gathered at an outdoor movie set at a baseball field located in Los Angeles when plaintiff took a phone call from her friend Reggie Kessler. Id. ¶ 12. Following the call, Williams ordered plaintiff into the group's vehicle, seized plaintiff's phone, swore at her, and struck her in the face multiple times. Id. ¶ 15-21. After being struck by Williams, Triplett-Hill fell onto concrete and hit her head against the concrete, which left her disoriented. Id. ¶ 22. Plaintiff thereafter regained some of her orientation, and began to feel severe pain in her head. Id. ¶ 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

A member of Williams' entourage who witnessed the incident called for paramedics, and plaintiff was taken to Santa Monica UCLA hospital by ambulance. Id. ¶¶ 25, 26. Triplett-Hill remained in the hospital for three days as a result of the injuries she sustained during Williams' attack. Id. ¶ 27. Physicians determined that her injuries included bruising and pain on the left side of her face. Triplett-Hill Decl. ¶ 19. She also lost consciousness for some period of time, and suffered from pain in the left neck area, diagnosed as acute cervical myofascial strain. Id. ¶ 20. Additionally, she suffered from low blood pressure, vertigo, vomiting, disorientation, headaches, light-headedness, and severe chest pains. Id. ¶ 21. A police report was taken the day of the incident. Id., Ex. A.

Triplett-Hill alleges that she has been diagnosed with post-traumatic stress disorder ("PTSD") and depression following the attack. Id. ¶ 28; Dkt. 89-2 Ex. C. She also alleges that the attack rendered her unable to feel comfortable working as a personal assistant for almost one year out of fear of verbal or physical abuse from a potential employer. Triplett-Hill Decl. ¶ 32.

In her motion for default judgment and supporting declaration, plaintiff requests $1,685,247 in damages. Mot. at 5. This includes $48,247 in medical expenses, $26,000 for past therapy sessions, $75,000 for future therapy sessions intended to address her ongoing PTSD and depression, $36,000 in lost wages from defendant Williams, $450,000 for past pain, suffering, and emotional distress, $300,000 for future pain, suffering and emotional distress, and $750,000 in punitive damages. Mot. at 8-10. Plaintiff argues that the punitive damages are warranted because "Williams has a long history of abusing women" and because "Williams actions were malicious, despicable, and it was not his first incident nor will it be his last unless something is done to stop him." Id.

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

    The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

    "Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

## IV. DISCUSSION

### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Here, in connection with her motion for default judgment, plaintiff submitted a declaration stating that (a) on July 5, 2020, the clerk entered default against defendant Williams; (b) defendant Williams is not a minor or an incompetent person; and (c) defendant Williams is not in military service, and therefore the Servicemembers Civil Relief Act does not apply. Bryant Decl. ¶¶ 1-8. However, plaintiff did not submit any evidence demonstrating that defendant Williams was given notice of the instant motion for default judgment. See C.D. Cal. L.R. 55-1; see also Halicki, 2009 WL 10672966 at *2.

In particular, on March 10, 2022, the Court denied plaintiff's motion for default judgment and directed plaintiff to file a renewed motion for default judgment and serve defendant Williams with notice of the renewed motion by April 21, 2022. Dkt. 85. Contrary to the Court's March 10, 2022 order, plaintiff has again failed to submit any proof of service of the instant motion. In fact, while plaintiff's motion states that "[n]otice of this motion and its accompanying papers was served on Defendant on November 8, 2021, by first class mail, as confirmed by the concurrently-filed proof of service," Mot. at 2, plaintiff did not attach any proof of service to her motion for default judgment. Additionally, plaintiff could not have served Williams with a motion filed on April 21, 2022 over six months earlier, on November 8, 2021.

Accordingly, plaintiff has again failed to satisfy the procedural requirements for entry of default judgment under the Federal and Local Rules. This precludes the Court from proceeding to the merits of plaintiff's motion for default judgment, which is hereby **DENIED** without prejudice. Plaintiff is **DIRECTED** to file a renewed motion for default judgment, serve defendant Williams with notice of the renewed motion, and file proof of service of the renewed motion by July 11, 2022. Given the history of this case, if plaintiff fails to file the renewed motion, serve defendant Williams with the renewed motion, or file the proof of service within the time provided herein, the Court will dismiss this case for failure to prosecute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-CV-06196-CAS-GJSx | Date | June 21, 2022 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for default judgment **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

| | Initials of Preparer | 00 : 00 |
|---|---|---|
| | | CMJ |