UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - MOTION OF MICAH WILLIAMS P/K/A KATT WILLIAMS TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FRCP 60(B) (Dkt. 120, filed on DECEMBER 6, 2023)

## I. INTRODUCTION AND BACKGROUND

The history of this case is well-known to the parties and set forth in the Court's June 21, 2022 order. See dkt. 94.

On August 17, 2016, plaintiff Angelina Triplett-Hill filed this action against defendant Micah Williams p/k/a Katt Williams. Dkt. 1. Plaintiff's initial complaint alleged the following claims for relief: (1) battery; (2) intentional infliction of emotional distress; (3) negligence; and (4) constructive wrongful termination in violation of public policy. Id.

On or about February 12, 2018, Venable LLP ("Venable") appeared on behalf of defendant in this action. Dkts. 29, 30. On March 12, 2018, defendant filed a motion to dismiss for lack of subject matter jurisdiction based on plaintiff's failure to allege a basis for subject matter jurisdiction. Dkt. 34. On April 11, 2018, the Court granted defendant's motion to dismiss with leave to amend. Dkt. 38. On May 2, 2018, plaintiff filed a first amended complaint ("FAC"), asserting the same four claims for relief as the original complaint and alleging that defendant was a citizen of Georgia to establish diversity jurisdiction. Dkt. 39. On May 16, 2018, defendant filed an answer to the FAC. Dkt. 40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

On March 29, 2019, Venable filed a motion to be relieved as counsel of record for defendant because of "the general lack of communication between attorney and client." Dkt. 52. In his declaration in support of the motion, attorney Matthew M. Gurvitz stated that Venable "informed [d]efendant of its intention to withdraw from this case unless communication and cooperation were greatly improved," "advised [d]efendant of his options should the Court grant this Motion," and "recommended that [d]efendant retain new counsel." Dkt. 52-1, ¶¶ 5-6. Gurvitz also explained that "Venable served [d]efendant through other counsel Venable understands currently represents [d]efendant in other matters, the only means Venable has to communicate with [d]efendant. Venable will also be serving [d]efendant via regular mail." Id., ¶ 8. Plaintiff did not oppose Venable's motion. Venable filed a proof of service of its motion to be relieved as counsel of record for defendant and a proof of service of the proposed order granting its motion. Dkts. 53, 54. Those proofs of service by mail indicated that the motion and proposed order were served on:

> Micah Williams p/k/a Katt Williams
> C/O Brian Scherman, Esq.
> Multnomah Defenders, Inc.
> 522 SW 5th Ave #1000
> Portland, OR 97204
> Telephone: (503) 226-3083
> Email: bscherman@multnomahdefenders.org

Dkts. 53, 54. On April 9, 2019, the Court granted Venable's request to be relieved as counsel "effective upon filing the proof of service of this signed order upon [defendant]." Dkt. 56. The Court also ordered that defendant be served as "in pro per, c/o Brian Scherman, Esq., Multnomah Defenders, Inc., 522 SW 5th Avenue #1000, Portland, OR 97204." Id. Venable filed a proof of service by mail of the order granting its request to be relieved as counsel on the same Oregon address for Scherman. Dkt. 57. The documents served on Scherman in connection with Venable's motion to withdraw were not returned to the Court.

On July 5, 2019, the Court ordered that defendant's answer be stricken and default be entered against defendant "for failure to appear at a Court-ordered hearing and failure to comply with the Local Rules, Federal Rules of Civil Procedure, and orders of this Court." Dkt. 59. That same day, the Clerk of Court entered defendant's default. Dkt. 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O' JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

However, on August 2, 2019, plaintiff requested that the Court set aside the entry of default against defendant to permit plaintiff to file a second amended complaint to cure deficiencies in the FAC. Dkt. 61. On August 6, 2019, the Court granted plaintiff's request to set aside the default and file a second amended complaint. Dkt. 62.

On February 19, 2020, plaintiff filed the second amended complaint ("SAC"). Dkt. 65. The SAC alleges the same four claims for relief: (1) battery; (2) intentional infliction of emotional distress; (3) negligence; and (4) constructive wrongful termination in violation of public policy. Id. The SAC additionally specifies the compensatory damages associated with plaintiff's claims for relief. Id. That same day, plaintiff filed a proof of service by mail, stating that Scherman was served with the SAC on December 6, 2019. Dkt. 66.

On April 7, 2020, the Court ordered plaintiff to show cause why this action should not be dismissed for lack of prosecution. Dkt. 68.

On May 1, 2020, plaintiff filed an application for entry of default against defendant. Dkt. 69. That same day, the Clerk referred the request for default to the district judge because the proof of service indicated that the SAC was served before it had been filed. Dkt. 70. On May 4, 2020, the Court directed plaintiff to serve the filed copy of the SAC on defendant and extended the time for response to its order to show cause. Dkt. 71. On May 27, 2020, plaintiff filed a proof of service, demonstrating that she served the SAC on Scherman by mail on May 21, 2020. Dkt. 72. Defendant did not file an answer or otherwise respond to the SAC.

On July 28, 2020, plaintiff filed an application for entry of default against defendant. Dkt. 75. A clerk's default was entered on July 29, 2020. Dkt. 77. On April 21, 2022, plaintiff filed a motion for default judgment. Dkt. 86.

On January 31, 2022, Scherman emailed plaintiff's counsel, explaining that neither he nor his former office had ever represented defendant in this action and instructing plaintiff's counsel to "discontinue any communications to [himself] or [his] former office in regard to this case."[1] See dkt. 97-1. On July 25, 2022, plaintiff's counsel filed a declaration stating that he received this communication from Scherman, which he

---

[1] There had been no objection by Scherman to service on defendant's behalf or return of served documents until 2022. See dkt. 123.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

attached, and that his office was unable to identify defendant's address to serve him with the motion for default judgment. Dkt. 97. Plaintiff's counsel thus requested "(1) that the Court permit [plaintiff] an additional 60-days to file a renewed Motion for Default Judgment; and (2) that [plaintiff] be permitted to serve notice of this motion on [d]efendant's former counsel since [plaintiff's counsel] were never provided a new address to serve [defendant]." Id.

On July 28, 2022, the Court issued an order finding plaintiff's request appropriate under the circumstances and ordering plaintiff to file a renewed motion for default judgment, serve defendant with the notice of the renewed motion, and file proof of service of the renewed motion on all of defendant's former counsel in this case and by publication in a newspaper of general circulation in Los Angeles, on or before September 26, 2022. Dkt. 98.

On September 26, 2022, plaintiff filed a renewed motion for default judgment, noticing a hearing for November 14, 2022. Dkt. 99. Plaintiff did not file proof of service of the renewed motion at that time. On September 28, 2022, the Court issued a scheduling notice continuing the hearing from November 14, 2022, to November 21, 2022. Dkt. 104. The scheduling notice stated that plaintiff's counsel shall serve a copy of the scheduling notice on defendant and file proof of service thereafter. Id. On November 8, 2022, the Court issued another scheduling notice continuing the hearing from November 21, 2022, to December 5, 2022, and again requiring that plaintiff's counsel serve a copy of the scheduling notice on defendant and file proof of service with the Court. Dkt. 107.

On November 28, 2022, plaintiff filed proof of service by publication, showing that the notice of the motion for default judgment and hearing was published in the Los Angeles Sentinel on September 29, 2022, October 6, 2022, October 13, 2022, and October 20, 2022. Dkt. 109. The proof of service by publication additionally showed that, on November 9, 2022, November 11, 2022, November 15, 2022, and November 17, 2022, notice of the hearing was published in the Los Angeles Times. Id. On November 28, 2022, November 29, 2022, November 30, 2022, and December 2, 2022, notice of the new hearing date of December 5, 2022, was published in the Los Angeles Times. Id.

On November 28, 2022, plaintiff also filed proof of service of the motion for default judgment and the September 28, 2022 scheduling notice, stating that, on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'   JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

November 2, 2022, the documents were served on all of defendant's former counsel by U.S. mail. Dkt. 110. That same day, plaintiff filed proof of service of the November 8, 2022 scheduling notice, stating that, on November 14, 2022, the notice was served on defendant's former counsel by electronic transmission. Dkt. 111.

On December 5, 2022, the Court held a hearing on plaintiff's motion for default judgment. Defendant did not appear at the hearing. That same day, the Court granted plaintiff's motion for default judgment and ordered defendant to pay plaintiff damages in the amount of $1,639,247. Dkt. 115. On December 6, 2022, the Court entered default judgment against defendant with prejudice pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. 116.

In November 2023, plaintiff sought to execute on the judgment, and defendant was informed that the default judgment had been entered against him. See Dkt. 120-1, ¶ 3.

On or about December 5, 2023, defendant retained Eisner, LLP, to represent him in this action. Dkts. 117, 118, 119. On December 6, 2023, defendant filed a motion to set aside the entry of default judgment pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 120. On January 22, 2024, the Court held a hearing and continued the hearing on defendant's motion to February 12, 2024. Dkt. 122. On January 29, 2024, plaintiff filed an opposition to defendant's motion. Dkt. 123. On February 5, 2024, defendant filed a reply to plaintiff's opposition. Dkt. 124.

On February 12, 2024, the Court held a hearing on defendant's motion to set aside the default judgment entered against him.[2] Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6)

---

[2] At the hearing, the Court issued a tentative order denying the instant motion. However, the Court took the matter under submission to consider the parties' arguments made at the hearing. Upon further consideration, the Court grants defendant's motion to set aside the default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

Further, pursuant to Federal Rule of Civil Procedure 55(c), a default should be set aside for "good cause." Three factors are considered by the Court in determining whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. Pro. 55(c) as for reviewing default judgments under Fed. R. Civ. Pro. 60(b)).

### III. DISCUSSION

Defendant filed the instant motion to set aside the default judgment entered against him on December 6, 2022, because he "was not aware until November 2023 that this case had been continuing without [his] participation and without any attorneys representing [him] in the matter" since 2019. Dkt. 120-1, ¶ 14. He seeks an opportunity to defend the case on the merits. Dkt. 120 at 9.

Defendant argues that the default judgment against him is void pursuant to Federal Rule of Civil Procedure 60(b)(4) because plaintiff never properly served the SAC on him under either Rule 4 or Rule 5(b)(2)(C). Id. at 10, 12-15. Defendant asserts that Rule 5(a)(2) requires that a pleading asserting a new claim against a party in default be served pursuant to Rule 4. Id. at 13. Thus, because defendant was in default and the SAC added specific damages claims not set forth in the FAC, defendant asserts that plaintiff was required to serve him pursuant to Rule 4 but failed to do so by merely mailing the SAC to his former public defender in Oregon. Id. Alternatively, defendant argues that plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

"attempt to serve [him] by mailing it to [his] *former*, one-time attorney, who *previously* represented [him] in an entirely *different capacity* as a public defender, in a *different matter* in a *different state*, plainly does not comply with the requirement of Rule 5(b)(2)(C)[,]" which permits "mailing it to the person's last known address." Id. at 14 (emphasis in the original); see also Fed. R. Civ. P. 5.  Because the SAC states that defendant resided in Georgia, defendant asserts that his "last known address" could not have been that of an Oregon public interest law firm. Dkt. 120 at 15.  He further argues that plaintiff's compliance with the Court's order to effectuate service of plaintiff's motion for default judgment "on all of defendant's former counsel in this case" and "by publication in a newspaper of general circulation in Los Angeles" did not provide him with legally sufficient notice.  Id. at 15-16; see also dkt. 98.  Defendant asserts that plaintiff did not try to locate him with reasonable diligence before serving him by publication, which is a "last resort," and should have additionally served him by publication in an out-of-state newspaper since he does not reside in California.  Dkt. 120 at 16.  Thus, defendant contends that "there was no chance" for him to learn of the publication notice in a Los Angeles newspaper when he "has lived in the state of Mississippi since 2021, and he has not lived in California or conducted business in the state at any time during the pendency of this action." Id. at 17.

Defendant additionally argues that he should be relieved from the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).  Id. at 18.  Defendant asserts that he did not have notice of his attorneys' withdrawal or other activity in this action because of his "misconception" and "misunderstanding" that he was still represented and "that not hearing anything about the case for a while meant that his participation was not needed." Id.  Defendant further argues that under the four-factor Pioneer test, the Court should find excusable neglect.  Id. at 19; see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (concluding that courts should consider "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").  First, defendant contends that plaintiff would not be prejudiced in the event the default judgment is vacated because it is a "he said, she said" case in which there is no risk that evidence has been lost and because he will meaningfully participate in this action now that he has counsel. Dkt. 120 at 19-20.  Second, defendant contends that the length of delay is also the fault of plaintiff, who was warned by the Court that the case could be dismissed for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

lack of prosecution nine times. Id. at 20. Third, defendant argues that the reason for his delay was his lack of notice of the activities in this action, including the filing of the SAC and the withdrawal of his attorneys. Id. at 20-21. Finally, defendant asserts that he has acted in good faith and promptly retained counsel to file the instant motion after his talent agency informed him in November 2023 about the default. Id. at 21.

In opposition, plaintiff argues that the default judgment was entered against defendant because of his choice to abandon his defense of this action. Dkt. 123 at 2. Plaintiff requests that the Court deny defendant's motion and permit her to bring a Rule 11 motion based on defendant's misrepresentations to the Court in support of the instant motion, which defendant has brought in bad faith. Id. at 15.

Plaintiff contends that there is no basis for defendant's argument that plaintiff should have personally served defendant pursuant to Rule 4. Id. at 8. She asserts that she properly served the SAC pursuant to Rule 5(b)(2)(C) by mailing it to defendant's "last known address," which here, was the address provided by defendant's former counsel. Id. at 9. According to plaintiff, numerous documents were served on defendant's former public defender, Brian Scherman, in Oregon since 2020, and "it was not until January 31, 2022 that Mr. Scherman asked [p]laintiff's counsel to stop sending his office mail on behalf of [defendant]." Id. Plaintiff argues that defendant's last known address was that of Scherman's office, and "at no point did [d]efendant make any steps to even check on his case to see the status to determine if Mr. Briggs and Mr. Gurvitz were still representing him and whether he needed to submit a Notice of Change of address as required by Local Rule 83-2.4." Id. at 10. Further, plaintiff asserts that she properly served the motion for default judgment on defendant pursuant to the Court's July 28, 2022 order. Id. at 10-11.

Plaintiff argues that defendant has also failed to demonstrate excusable neglect, mistake, or surprise pursuant to Rule 60(b)(1). Id. at 11. According to plaintiff, defendant was active in this action until he was served with "damning discovery" and then "disappear[ed]," leading his counsel to withdraw due to their lack of communication with defendant. Id. at 11-12. Moreover, in their motion to withdraw, defendant's former counsel asserted that they advised defendant of his options in the event the Court granted their motion. Id. at 11-12; see also dkt. 52 at 2. Thus, plaintiff argues that defendant's own conduct led to the entry of default judgment against him because he did not listen to his former counsel and has done nothing to defend himself in this action in the five years

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

since his counsel withdrew. Dkt. 123 at 12. Regarding the four Pioneer factors, plaintiff first argues that defendant's own failure to determine the status of this action and to continue participating in it caused the delay. Id. at 13. Second, plaintiff argues that defendant did not act in good faith and fails to provide the Court with any declaration from former counsel or any reason "why he never inquired as to the status of his case." Id. at 14. Third, plaintiff asserts that the delay in the case would greatly prejudice her and impact trial. Id. As plaintiff filed the complaint in 2016, she argues that if the parties go to trial almost ten years later, witnesses, such as treating physicians and percipient witnesses, may no longer be available. Id. Fourth, plaintiff argues that setting aside the default judgment would severely prejudice her. Id. at 14-15. Finally, plaintiff argues that defendant has failed to show a likelihood of prevailing in this action. Id. at 15.

In reply, defendant argues that plaintiff's opposition relies upon the false representation that Venable identified and provided the Court with defendant's "last known address." Dkt. 124 at 4. Instead, defendant explains that former counsel asserted in his declaration that "Venable served [d]efendant through other counsel Venable understands currently represents [d]efendant in other matters, the only means Venable has to communicate with [d]efendant." Id. at 4-5; see also dkt. 52-1 ¶ 8. Defendant argues that service of the SAC at his former attorney's office is not service at defendant's "last known address" pursuant to Rule 5, as defendant neither lives nor works at an Oregon public defenders' office. Dkt. 124 at 5-6. Moreover, defendant argues that Rule 5 contemplates service on counsel of record and that "none of the methods of service on an unrepresented party under subsection (b)(2) contemplate or allow service on any attorneys who are not current counsel of record in the action." Id. at 9-10 (emphasis omitted); see also § 1145 Service on Attorney Required, 4B Fed. Prac. & Proc. Civ. § 1145 (4th ed.). Defendant further explains that he did not register an address pursuant to Local Rule 83-2.4 because he did not know he was unrepresented and was "thus not aware of any such requirement." Dkt. 124 at 6.

While defendant argues that the Court must set aside the default judgment because plaintiff failed to serve the SAC on him, he further argues that there is good cause to set aside the default judgment pursuant to Rule 60(b).[3] Id. at 11-12. First, defendant asserts

---

[3] Defendant argues that the Court should resolve this action on the merits, as it chose to decide the instant motion on the merits. Dkt. 124 at 12-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

that he did not act with culpability because he did not receive the SAC and "believed in good faith that he was being represented." Id. at 13-14. Second, he argues that plaintiff has not demonstrated that she will suffer any "tangible harm caused by the passage of time." Id. at 14-15. According to defendant, plaintiff has not identified any witness or evidence that is no longer available and "has no response whatsoever to the fact that her relevant documents—her police report, her medical records, her expert reports, her medical bills, and her account of what happened—are all already on file with the Court." Id. at 15; see also dkt. 87. Finally, defendant argues that he has sufficiently alleged a meritorious defense by litigating the action when he was represented and by denying plaintiff's claims in their entirety. Dkt. 124 at 16.

Defendant asserts that the default judgment must be set aside because defendant was not properly served with the SAC when service was made on defendant's former public defender, Brian Scherman.[4] Plaintiff disputes this, arguing that service on Scherman was appropriate under Rule 5 of the Federal Rules of Civil Procedure. Plaintiff ignores defendant's argument that because the SAC contained new claims, the only appropriate service was personal service under Rule 4. Even if plaintiff were correct that Rule 5 applies, plaintiff fails to cite any persuasive authority supporting that Scherman's address was defendant's "last known address." The Court is persuaded by defendant's arguments regarding the plain meaning of Rule 5, which suggests that "the *person's* last known address" refers to the address of the party. Fed. R. Civ. P. 5(b)(2)(C) (emphasis added). Plaintiff's allegation in the SAC that defendant is a citizen of Georgia further undermines that Scherman's address in Oregon was defendant's "last known address." The Court is further persuaded that service on a former attorney in a different matter is not the same as service on a current attorney, and it is thus not effective service on a party. See § 1145 Service on Attorney Required, 4B Fed. Prac. & Proc. Civ. § 1145 n.7 (4th ed.) ("An attorney may be served validly only if he represents the party in the

---

[4] The parties dispute whether the SAC asserted a new claim for relief. In the event it is construed as asserting a new claim for relief, plaintiff would have been required to serve defendant in a manner set forth in Rule 4. Here, the parties do not meaningfully dispute that service was not effectuated in the manner required by Rule 4. Assuming the SAC can be construed as not asserting any new claim for relief, plaintiff would nonetheless be required to comply with Rule 5. Accordingly, for the reasons set forth herein, plaintiff's service of the SAC on Scherman failed to comply with either Rule 4 or Rule 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

proceeding for which notice is given; prior representation in a related state action will not suffice.") (citing In re Kwelman, 31 F. Supp. 23 (E.D. N.Y. 1939)); see also Sec. & Exch. Comm'n v. Everest Mgmt. Corp., 87 F.R.D. 100, 102 n.1 (S.D.N.Y. 1980) ("If a party is no longer represented by an attorney, as necessarily was the case here, service must be made on the party himself."). It appears to the Court that plaintiff's attempt to serve defendant by serving his former counsel in a different matter raises due process concerns. Because there was no effective service of the SAC, the default judgment must be set aside.

Additionally, defendant argues that service by publication of the renewed motion for default judgment in Los Angeles was improper because it was not likely to give him actual notice of the motion. Pursuant to California Code of Civil Procedure § 415.50(b), "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party." Cal. Civ. Proc. Code § 415.50(b). The statute thus requires that the party identify a newspaper that "is most likely to give actual notice to the party to be served." See Mazal Grp., LLC v. Abeckaser, No. CV-187731-PSG-MRWx, 2019 WL 10252610, at *2 (C.D. Cal. Feb. 26, 2019); see also Claimtek, LLC v. Med Off. Grp., Inc., No. 8:22-CV-01696-FWS-DFM, 2023 WL 2560050, at *2 (C.D. Cal. Jan. 18, 2023) ("Specifically, [p]laintiff has not specified which newspaper it intends to publish the summons in or adequately demonstrated that the chosen newspaper 'is most likely to give actual notice to the party to be served' as required by section 415.50(b)."). Here, defendant contends that notice should have been published in an out-of-state newspaper because he did not reside in California. In fact, plaintiff acknowledged that defendant did not reside in California when she alleged in the SAC that defendant was a citizen of Georgia; yet she did not publish notice in any newspaper outside of Los Angeles, including in Georgia. See dkt. 65 ("On information and belief, [defendant] is an actor and stand-up comedian, who is, at all times in this Complaint, a citizen of the State of Georgia."). Defendant further argues that plaintiff did not try to locate defendant with reasonable diligence, particularly because plaintiff knew that defendant did not reside in California. While the Court allowed service by publication based on plaintiff counsel's representations that counsel could not locate defendant to serve him, there is no evidence in the record before the Court that plaintiff made sufficient or meaningful efforts, if any,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-5

| Case No. | 2:16-CV-06196-CAS (GJSx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | ANGELINA TRIPLETT-HILL V. MICAH WILLIAMS p/k/a KATT WILLIAMS | | |

to locate defendant. Thus, the Court finds that limiting the publication of the renewed motion for default judgment to Los Angeles newspapers may have also undermined the validity of the default judgment entered against defendant.

Accordingly, the Court finds that it would be appropriate to set aside the default judgment pursuant to Rule 60(b)(4).

### IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to set aside the default judgment entered against him. The Court sets a status conference for February 26, 2024, at 11:00 AM by Zoom, to consider scheduling dates. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |